**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STEVEN M., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>LELAND DUDEK, )<br>ACTING COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>    Defendant.[1] )<br>) | Case No. 4:23-CV-1618-JSD |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying the application of Steven M. ("Plaintiff") for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. For the reasons stated herein, the Court affirms the Social Security Administration's denial of Plaintiff's claim for DIB.

    **I.**    **Background**

In 2020, Plaintiff proactively filed an application for DIB (Tr. 168-69), alleging he became disabled in April 2017. Plaintiff's claim was denied initially and on reconsideration. (Tr. 86-87) Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on November 7, 2022. The ALJ issued an unfavorable decision, dated November 18, 2022. (Tr. 10-23)

---

[1] Leland Dudek is now the Acting Commissioner of Social Security. He is automatically substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d).

In the opinion, the ALJ found that Plaintiff did not perform substantial gainful activity since his alleged onset date of April 1, 2017. (Tr. 12) The ALJ found that Plaintiff's severe impairments were depression, anxiety, bipolar disorder, polysubstance abuse, diabetes with neuropathy, low back (lumbar) degenerative disc disease, obesity, and an eye infection (herpetic keratitis). (Tr. 12) The ALJ, however, found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed on 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 13) The ALJ found Plaintiff had the Residual Functional Capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b), lifting and carrying 10 pounds occasionally and standing/walking six hours each per eight-hour workday but could only occasionally balance and should avoid even moderate exposure to extreme cold. (Tr. 15) Mentally, the ALJ also limited Plaintiff to carrying out simple instructions, making simple work-related decisions, tolerating occasional changes, and handling occasional interaction with others (supervisors, coworkers, and the public). (Tr. 15) The ALJ found there were jobs that existed in significant numbers that Plaintiff could perform. (Tr. 22-23)

The Appeals Council denied Plaintiff's Request for Review of Hearing Decision/Order. (Tr. 1-4)  *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Plaintiff filed this appeal on December 18, 2023. (ECF No. 1)  On July 16, 2024, Plaintiff filed a Brief in Support of Plaintiff's Complaint. (ECF No. 18) The Commissioner filed a Brief in Support of the Commissioner's Decision on September 4, 2024. (ECF No. 21)

As to Plaintiff's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.

## II.     Legal Standard

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant

3

maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

### III.     Discussion

#### A.     Substantial Evidence

"The key issue is whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006) (citing *Sultan v. Barnhart,* 368 F.3d 857, 862 (8th Cir. 2004)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012) (citing *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007)). In determining whether evidence is substantial, this Court considers "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Travis*, 477 F.3d at 1040 (citing *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000)). "If substantial evidence supports the Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." *Id.*

Plaintiff argues that the ALJ did not properly articulate the support for the RFC in her opinion. Plaintiff contends there were "some misstatements in the record and conclusions not supported by the evidence of record[.]" (ECF No. 18 at 4) Accordingly to the ALJ's report, Plaintiff conveyd at a September 24, 2020 visit with Dr. Donovan that he had two manic episodes but that each lasted only lasted 4-5 hours, which was significantly shorter than Plaintiff testified to at the hearing. (ECF No. 18 at 4 (citing Tr. 19, 947)) According to the ALJ, Plaintiff also reported less depression, anhedonia, and more motivation. *Id*. In sum, the ALJ claimed that

4

Plaintiff's mental status examination reflected subjective improvement in his mental health. *Id*. Plaintiff, however, notes that he actually reported that he had "two episodes of about one week of increased energy, hyper-talkatively, increased goal-directed activity and [decreased need for sleep]." (ECF No. 18 at 4 (citing Tr. 947)). Thus, Plaintiff asserts that the ALJ misunderstood Dr. Donovan's report because it was "not inconsistent with [P]laintiff's complaints to his physicians or at the hearing." (ECF No. 18 at 4)

In response, the Commissioner discounts Plaintiff's argument as a mere "scrivener's error". (ECF No. 21 at 6) This Court agrees. The Court notes that the ALJ made clear in other portions of his report that he accounted for the effects of Plaintiff's bipolar disorder by limiting him to only simple instructions, simple work-related decisions, occasional changes in routine work setting, and occasional interactions with others. (Tr. 15) The Court holds that the limitations included in the ALJ's opinion were supported by and consistent with the medical records.

**B. Medical Opinions**

The ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under this regulation, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors – supportability, consistency, the medical source's relationship with the claimant, specialization, and other factors such as the source's understanding of the Social Security Administration's disability policies and their familiarity with other evidence in the claim. 20 C.F.R. § 404.1520c(c). ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). "The first two factors—supportability and consistency—are the most important." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022); *accord Austin*, 52 F.4th at 723; *see* 20 C.F.R. §§ 404.1520c(a),

5

(b)(2), 416.920c(a), (b)(2); *Violet G. v. Kijakazi*, No. 21-CV-2105 (TNL), 2023 WL 2696594, at *5 (D. Minn. Mar. 29, 2023). "These regulations require the ALJ to discuss, at a minimum, the supportability and consistency of a medical opinion." *Bement v. Kijakazi*, No. CV 23-3010, 2023 WL 8720686, at *2 (W.D. Ark. Dec. 18, 2023).

The ALJ found the mental opinions of Marsha Toll, Psy.D. and Gretchen Brandhorst, Psy.D. to be somewhat persuasive. Toll opined on August 11, 2021 that Plaintiff was capable of performing simple repetitive tasks; had mild limitations in adapting or managing oneself and interacting with others; had moderate limitations in his ability to understand, remember, or apply information and to concentrate, persist, or maintain pace. (Tr. 72, 81) On December 2, 2021, Brandhorst affirmed Toll's findings without review of additional medical records. (Tr. 85-90) The ALJ found these opinions to be somewhat persuasive because they were well-supported by the medical evidence and were consistent with Plaintiff's mental status exams throughout the record. (Tr. 20-21)

As to his physical abilities, the ALJ found the opinions of Harry Cole, M.D., and Dennis McGraw, D.O., to be persuasive because they were supported by the medical evidence and consistent with the diagnostic and clinical findings throughout the record, particularly those of Deborah Wagner, P.A. (Tr. 20) On August 12, 2021, Dr. Cole opined that Plaintiff could perform light work, requiring lifting 20 pounds occasionally and 10 pounds frequently and standing and walking 6 hours in an 8-hour workday, and could only occasionally balance and needed to avoid moderate exposure to extreme cold. (Tr. 74-77) Thereafter, Dr. McGraw affirmed Dr. Cole's opinions on December 6, 2021, at the reconsideration level without further review of additional medical evidence. (Tr. 93)

6

Plaintiff, however, argues that the ALJ did not "explain how a regurgitation of the medical evidence by the state agency physician supported the opinions of Toll and Brandhorst." (ECF No. 18 at 6) Plaintiff further argues that the ALJ's conclusory statement that Toll and Brandhorst's opinions were consistent with mental status examinations throughout the record does not acknowledge the rest of the record. Plaintiff states that the ALJ did not address times when his "mental status exam findings were present" during a visit or his medication changes due to ongoing depression symptoms and manic episodes. (ECF No. 18 at 6 (citing Tr. 343, 858-59, 384-85, 771, 471, 504-05, 581, 615-16, 639, 645, 648, 650-53, 886-87, 793-94, 932-35, 977-79))

As to the physical evidence, Plaintiff emphasizes that the July 27, 2021 internal medical consultive exam by Deborah Wagner, P.A., revealed findings of mild difficulty walking on heels and toes and pain with hopping once on each foot and decreased sensation in the stocking distribution of the lower extremities bilaterally, consistent with diabetic neuropathy of the lower extremities. (Tr. 938-41) Plaintiff's last A1C level was 9, which was not under control. *Id*. Plaintiff critiques that the ALJ's decision did not discuss how the opinion was consistent with the diagnostic and clinical findings in the record or what findings he was referencing. (ECF No. 18 at 6-7) Specifically, Plaintiff takes issue with the ALJ's finding that Plaintiff was capable of standing and walking for 6 hours of an 8-hour workday in light of Ms. Wagner's examination findings consistent with diabetic neuropathy. (ECF No. 18 at 7)

With regard to Plaintiff's mental impairments, on July 27, 2021, Stone Kraushaar, Psy.D. performed a psychiatric consultative examination at the request of the Commissioner. (Tr. 932-35) Dr. Kraushaar diagnosed Plaintiff with bipolar II, polysubstance abuse in remission and anxiety NOS. Dr. Kraushaar noted Plaintiff's flat affect, depressed mood and moderate impairment in his ability to understand, remember, or apply information and in his ability to interact with others. Dr.

Kraushaar did not find Plaintiff was impaired in concentration, persistence, or pace but opined Plaintiff was able to care for his basic needs about 30% of the time. *Id*.

The ALJ found Dr. Kaushaar's opinion to be somewhat persuasive, concluding that Dr. Kraushaar's report relied on Plaintiff's subjective reported symptoms instead of any objective findings. (Tr. 20) The ALJ stated that Plaintiff's mental status examination was benign other than a depressed mood and flat affect, which did not support moderate limits in his ability to understand, remember or apply information. (Tr. 20) The ALJ also said that Plaintiff's depressed mood and flat affect were inconsistent with Plaintiff's repeatedly normal cognition on other mental status examinations. *Id*.

Plaintiff contends that the ALJ did not provide any support for why she found Dr. Kraushaar's report was only somewhat persuasive or that why she said that Dr. Kraushaur based his opinion only on Plaintiff's subjective statements. (ECF No. 18 at 7) Plaintiff notes that the ALJ did not discuss that Dr. Kraushaur reviewed medical evidence prior to his examination or that he examined Plaintiff and reported his limited eye contact and crying. Plaintiff maintains that the ALJ did not discuss why she did not adopt Kraushaar's opinion that Plaintiff has moderate to marked impairment in adapting and managing oneself in the RFC. (ECF No. 18 at 8) Likewise, the ALJ did not explain why Plaintiff's depressed mood and flat affect did not support moderate limitations in his ability to understand, remember, or apply information. *Id*. Further, Plaintiff claims that the ALJ did not explain why normal cognition on mental status exams was inconsistent with moderate limitations in his ability to understand, remember of apply, information. *Id*. Plaintiff surmises that the ALJ's failure to explain her conclusions was inconsistent with the regulations because she did not identify the consistency and supportability of each opinion. *Id*. That is, Plaintiff claims that the

8

ALJ did not discuss the relevance of the objective medical evidence or explain the consistency of the opinions with evidence from medical and nonmedical sources. *Id*.

The Court finds that the ALJ reasonably reviewed the administrative findings and medical opinions in the record pursuant to the regulations. The ALJ found Dr. Cole and Dr. McGraw's findings to be "consistent with the diagnostic and clinical findings throughout the record, particularly Ms. Wagner's findings" (Tr. 20); *see* 20 C.F.R. §404.1520c(c)(2)(consistency). Both doctors supported their opinions with a number of paragraphs supporting their conclusions. (Tr. 75-78, 92-94); *see* 20 C.F.R. §404.1520c(c)(1)(supportability). Although Plaintiff takes issue with the ALJ's reliance upon Dr. Cole and Dr. McGraw's findings, the Court notes that no source, other than Ms. Wagner, indicated that Plaintiff had any additional physical work-related limitations. Further, the Court notes that the ALJ afforded for Plaintiff's limitations by restricting him to light work with postural and environmental limitations. Accordingly, the Court finds the physical RFC was adequately supported.

Further, the Court finds that Plaintiff's criticism that the ALJ found Dr. Kraushaar's opinion to be only "somewhat persuasive" to be unjustified. The ALJ noted that Dr. Krashaar found Plaintiff's mental health to be "generally benign other than a somewhat depressed mood with a flat affect, including normal memory testing." (Tr. 20); *see* 20 C.F.R. §404.1520c(c)(1)(supportability) The ALJ found that this examination did not support greater limitations in understanding, remembering or applying information. (Tr. 14, 20) The ALJ also found that Dr. Kraushaar's opinion was inconsistent with Plaintiff's "repeatedly normal cognition on other mental status exams in the record." (Tr. 20 (citing Tr. 372-73 (Dr. Donovan stating Plaintiff's "unremarkable" mental status examination with normal findings), 470 (same), 598 (same), 643 (Dr. Donovan reporting Plaintiff's "alright" mood but otherwise normal findings), 793

9

(Dr. al-Dahhak reporting Plaintiff's normal mental status examination findings including normal memory, fund of knowledge, attention span, and concentration); *see* 20 C.F.R. §404.1520c(c)(2)(consistency). In any event, the ALJ assessed an RFC that allowed for simple instructions, simple work-related decisions, occasional changes, and occasional interactions with others (supervisors, coworkers, and the public) to account for Plaintiff's mental status limitations. (Tr. 15)

Similarly, the state agency psychologists, Dr. Toll and Dr. Brandhorst, reviewed Plaintiff's medical records, including Dr. Kraushaar's findings and opinions, yet both agreed that Plaintiff could perform simple repetitive tasks even with his moderate mental limitations. (Tr. 72-73, 78-81 (Dr. Toll), 90-91, 93 (Dr. Brandhorst)) Moreover, the ALJ found Dr. Toll and Dr. Brandhorst's conclusions to be "somewhat persuasive" and "generally well supported by the provided analyses of the medical evidence of record available at the time." (Tr. 20); *see* §404.1520c(c)(1)(supportability). Both psychologists provided in-depth discussion of their opinions that were "consistent with the mental status exams throughout the record". (Tr. 21 (citing 372-73, 470, 598, 643, 793)); §404.1520c(c)(2)(consistency). Yet, the ALJ also provided additional mental limitations based upon Plaintiff's "relapses of substance abuse during the period at issue[.]" (Tr. 21) Thus the ALJ acknowledged that Plaintiff had greater limitations adapting and managing himself and limited him to only occasional workplace changes and occasional interaction with others. (Tr. 15)

Finally, the Court finds Plaintiff's isolated citations to certain mental health records where he was less stable does not mean that he was incapable of work based upon the record as a whole. Plaintiff cites to discrete records where his treaters reported he was "alright" (Tr. 385), had depressed mood and constricted affect (Tr. 504), had depression with alcoholism (Tr. 639, 645,

10

648), doing "ok" on current medication (Tr. 771), or was "in some acute distress" (Tr. 859) and which the ALJ may not have discussed specifically. The Court notes that "the ALJ is not required to 'explicitly ... reconcile every conflicting shred' of medical evidence." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)); *see also* 20 C.F.R. § 404.1520c(b)(1) ("[The ALJ is] not required to articulate how [he] considered each medical opinion ... from one medical source individually."). Here, the Court finds that the ALJ considered every medical opinion in conjunction with the state agency psychologists Dr. Toll and Dr. Brandhorst's opinions and provided appropriate reasons for her findings.

Thus, the Court holds that the ALJ's decision was supported by substantial evidence, including as to its supportability and consistency, and was certainly within the ALJ's zone of choice. "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Wiese v. Astrue,* 552 F.3d 728, 730 (8th Cir.2009); *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011). Here, there was sufficient evidence documenting Plaintiff's limited symptoms and impairments, which supported the ALJ's decision that Plaintiff's conditions were not disabling. *See Winship v. Saul*, No. 4:20-CV-00039-MDH, 2021 WL 1055196, at *2 (W.D. Mo. Mar. 19, 2021) (citing *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) ("Courts 'defer heavily to the findings and conclusions of the Social Security Administration' and will disturb the Commissioner's decision only if it falls outside the 'zone of choice.'"); *see Horwath v. Kijakazi*, No. 622CV03031DGKSSA, 2023 WL 3865507, at *3 (W.D. Mo. June 7, 2023)("After each of these statements, the ALJ cited various portions of the Record that align with the state agency consultants' opinions, thereby demonstrating supportability and consistency."); *see Brewster v. Kijakazi,* No. 4:20-CV-00771-DGK, 2022 WL 385508, at *3 (W.D.

11

Mo. Feb. 8, 2022) (finding ALJ properly explained factors by stating the opinion was "supported internally by explanation and the inclusion of findings from the record" and was consistent with the evidence as a whole). As follows, the Court finds the ALJ's decision was not deficient but rather was supported by and consistent with the record as a whole.

### C. Pain Evaluation

Lastly, Plaintiff claims that the ALJ did not perform a proper pain evaluation. Specifically, Plaintiff claims that the ALJ did not consider the Plaintiff's work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of pain medication; precipitating and aggravating factors; and functional restrictions. (ECF No. 18 at 9 (citing *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). Plaintiff contends that the ALJ failed to explain how Plaintiff's activities of daily living were inconsistent with his subjective complaints. (ECF No. 18 at 10) Also, Plaintiff maintains that the ALJ did not provide accommodations in the RFC for the limitations Plaintiff identified in performing his activities of daily living in light of his manic and depressive episodes which last for a week or so each time. (ECF No. 18 at 10) Plaintiff claims that the ALJ did not discuss Plaintiff's change in mental status during his manic and depressive episodes or the "clear evidence of mania his own psychiatrist has pointed out." (ECF No. 18 at 10) Rather, Plaintiff states that the only *Polaski* factors evaluated by the ALJ are the objective evidence and activities of daily living. In sum, Plaintiff claims that "[t]he ALJ failed to address expressly each of the *Polaski* factors, and to the extent the ALJ did address some of them, she failed to make any express credibility determinations, detail reasons for discrediting the plaintiff's testimony, or set forth inconsistences upon which she relied." (ECF No. 18 at 10-12)

12

The Eighth Circuit has addressed the requirements for dealing with subjective pain complaints:

> A disability claimant's subjective complaints of pain may be discounted if inconsistencies in the record as a whole bring those complaints into question. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984). In assessing the credibility of a claimant's subjective pain complaints, an ALJ is to consider factors including the claimant's prior work record; the claimant's daily activities; observations of the claimant by third parties and treating and examining physicians; the duration, frequency, and intensity of the claimant's pain; precipitating and aggravating factors; the dosage, effectiveness, and side effects of the claimant's medication; treatment, other than medication, for relief of the claimant's pain; and functional restrictions on the claimant's activities. *See id.* Although "an ALJ may not disregard [a claimant's] subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a[c]laimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Ramirez v. Barnhart,* 292 F.3d 576, 581 (8th Cir.2002) (internal citation omitted); *see also Goodale v. Halter,* 257 F.3d 771, 774 (8th Cir.2001) (noting that an ALJ may discount subjective complaints if there are inconsistencies in the evidence as a whole), *cert. denied,* 535 U.S. 908 (2002).

*Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). However, "[t]he ALJ need not explicitly discuss each *Polaski* factor." *Brown v. Chater,* 87 F.3d 963, 966 (8th Cir. 1996). It is sufficient if she acknowledges and considers those factors before discounting a claimant's subjective complaints. *Id.* The Court will not set aside an administrative finding based on an arguable deficiency in opinion-writing technique when it is unlikely it affected the outcome." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004) (citation omitted).

The Court finds that Plaintiff inadequately accounts for the ALJ's evaluation of the *Polaski* factors. The ALJ considered Plaintiff's subjective complaints, including his father's function report. (Tr. 16, 21) See 20 C.F.R. § 404.1529(a) ("We will consider all of your statements about your symptoms, such as pain . . . ."); SSR 16-3p, 2017 WL 5180304, at *2 (stating the ALJ must consider all of the evidence in the case record and then evaluate a claimant's symptoms and their

13

consistency with the record). Although Plaintiff wants the Court to consider his subjective pain complaints without reservation, the regulations require the Court to consider other supportability factors. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). Here, the factors did not support a greater limitation.

Further, the Court notes the ALJ considered and discussed Plaintiff's physician's treatment notes in her opinion. (Tr. 17-19) *See* 20 C.F.R. § 404.1529(c)(4) ("we will evaluate your statements in relation to the objective medical evidence"). The ALJ discerned that Plaintiff's diabetes and neuropathy were within normal limits, based upon examinations. (Tr. 17). The ALJ noted that Plaintiff could lift and exercise, despite his obesity, and see sufficiently to read and fill out forms, despite his eye treatment. Indeed, the ALJ also considered Plaintiff's limited mental health treatment and its correlation with his polysubstance abuse. (Tr. 18-20)

Both sides agree that the ALJ discussed Plaintiff's activities of daily living, including his ability for self-care, manage finances, care for his ill mother, assist with his parents' move, shop, attend AA meetings and church, prepare meals, and preform chores in his group living. (Tr. 19-20); *see* 20 C.F.R. § 404.1529(c)(3)(i) (ALJ must consider a claimant's activities). Finally, the ALJ considered the mental and physical prior administrative findings and opinions, which were discussed above. *See* Tr. 20-21; 20 C.F.R. § 404.1529(c)(4) (ALJ must consider whether there are conflicts between a claimant's statements and statements by treating or non-treating sources).

Thus, the Court concludes that the ALJ adequately considered the *Polaski* factors when considering Plaintiff's pain complaints. Although the ALJ certainly could have written more, albeit on an already 14-page decision, "an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (internal quotation marks omitted);

14

*Horwath v. Kijakazi,* No. 622CV03031DGKSSA, 2023 WL 3865507, at *3 (W.D. Mo. June 7, 2023). Thus, the Court "'will not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's complaints of disabling pain.'" *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005)(quoting *Gowell v. Apfel,* 242 F.3d 793, 796 (8th Cir.2001)); *see also Pearsall v. Massanari,* 274 F.3d 1211, 1218 (8th Cir.2001) ("The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."). In this case, the ALJ considered Plaintiff's subjective complaints of pain but found independent reasons, each supported by substantial evidence, to discredit those complaints. Accordingly, the Court concludes that the ALJ properly discredited Plaintiff's subjective complaints of pain.

## IV.       Conclusion

Based on the foregoing, the Court finds that the ALJ's decision was based on substantial evidence in the record as a whole and should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **AFFIRMED**.  A separate Judgment will accompany this Order.

**IT IS FURTHER ORDERED** that the Clerk shall reflect on the docket that Leland Dudek, Acting Commissioner of Social Security,  is the proper defendant pursuant to Fed. R. Civ. P. 25(d).

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of March, 2025.